Irving A. Green, S.
Upon the final judicial settlement of the executor’s account, construction is sought with respect to article "thirteenth” of the will herein which reads as follows: "All the rest, residue and remainder of my estate, both real and personal and wheresoever situated, I give, devise and bequeath unto my Trustees, hereinafter named, in perpetual trust, to hold, invest and reinvest the same, and to use and apply the net income therefrom to provide a scholarship or scholarships to help defray the cost of a college education for graduates of the Warwick Valley Central School District, said scholarships to be awarded to such deserving students without discrimination as to age, sex, creed, nationality or race, upon such basis or bases as to merit and financial need as said Trustees may, in their discretion, deem proper. I direct that a scholarship shall be awarded to each such student for the first *399 years of his or her college education, and I direct that said scholarships shall be a loan and shall be repaid in the same manner as N.Y.H.E.A.C. loans to students, except that there shall be no interest of said loans.”
The construction questions presented for determination are: (1) whether repayment of the student loans is to be credited to income or to principal and (2) whether the trustees are empowered to incur expense for personnel to perform certain services necessary in the administration of the trust, to wit, to interview and recommend students for loan grants; to keep the day-to-day books of account relating to the trust funds, student loans and repayments thereof.
The trustees contend for a construction which credits the repayment of the loans to income and not to the principal of the trust. They further contend that EPTL 11-1.1 authorizes the court to grant the trustees power to incur said personnel expenses. Such contentions are unopposed except that the Attorney-General points out that the personnel engaged for the services aforesaid should be on a part-time basis at a reasonably minimal compensation.
The repayment of the student loans are construed to be properly credited to income and not to principal. This construction follows from the statutory definitions of "income” and "principal” which is expressed in EPTL 11-2.1 (subd [b], par [1]) and EPTL 11-2.1 (subd [b], par [2]) which as far as here relevant provide:
"Income is the return in money or property derived from the use of principal”.
* * *
"Principal is property, disposed of in trust, the income from which is payable to or to be accumulated for an income beneficiary and the title to which is ultimately to vest in the person entitled to the future estate.”
The student loans, when made, are directed to be made from the net income generated by the principal of the trust which is to be invested and reinvested. Repayment of such loans, therefore, retain their character as income funds of the trust which remain available for further student loans. To convert the funds received as repayment of student loans back to principal trust funds not only reduces the moneys available for the purposes of the trust but also defeats the clear intention of the testatrix that all of the net income once generated *400 by the principal funds of the trust be used perpetually to provide the scholarship grants for which the trust is created.
The funds which will comprise repayment of the student loans do not constitute property disposed of in trust as principal property is defined in EPTL 11-2.1 (subd [b], par [2]). Nor does the language employed by the testatrix in creating the trust and expressing its purposes permit of a construction which would allow the loan repayment funds to be removed from and thereby diminish the trust’s income flow which was intended by her as a perpetual and increasing stream carrying deserving students to harbors of academic achievement and careers which might otherwise be closed to them.
With respect to the request for authority from this court to incur certain expenses in the administration of the trust, attention is directed to EPTL 11-1.1 wherein fiduciaries are expressly authorized in addition to the expenses specifically provided for therein "to pay all other reasonable and proper expenses of administration” from the property of the trust. This court cannot preclude itself from consideration and review of objections, if any, to expenditures for or on account of such administration expenses upon the accountings filed by the trustees. The duty and obligation devolves upon the trustees, in the first instance, to exercise their own discretion and judgment. As obiter dicta this court expresses the opinion that reasonable personnel assistance of the nature herein before delineated appears warranted if the number of student applicants and the day-to-day account of trust receipts, disbursements and loan transactions reach a proportion which requires such assistance to the trustees for the proper, efficient, and careful management and administration of the trust purposes and of its funds.